PER CURIAM.
Zbigniew Scheller, M.D. (Scheller) appeals an order dismissing with prejudice his second amended complaint (complaint). Scheller’s thirty page, eighty-four paragraph complaint contains three counts. Count I is against American Medical International, Inc. (AMI) for tortious interference with Scheller’s advantageous business relationships. Count II is against Palm Beach Gardens Community Hospital, Inc. (Hospital) for breach of contract. Count III is against AMI and the Hospital for fraud.
The elements of a cause of action for intentional interference with an advantageous business relationship are: 1) the existence of an advantageous relationship under which the plaintiff has legal rights; 2) an intentional and unjustified interference with that relationship; and 3) damage to the plaintiff as a result of the defendant’s actions. Scheller v. American Medical Intern., Inc., 502 So.2d 1268 (Fla. 4th DCA 1987). In our view, Scheller fails to satisfy the first element because there exists no advantageous relationship under which he had legal rights.
Scheller argues that, contrary to AMI’s assertion, count I is not an attempt to sue AMI for interfering with his advantageous business relationships with his referring physicians and/or patients, but instead states a cause of action against AMI for tortious interference with a contract Schel-ler has with the Hospital. The contract Scheller is basing his cause of action on is the one embodied in the medical staff bylaws (a contract between the Hospital and the medical staff of which Scheller is a member). Scheller contends in his initial brief that an advantageous business relationship between Scheller and the Hospital is created by the medical staff by-laws because they give Scheller a protected expectancy of receiving the contract to be the Hospital’s director of the pathology laboratory. According to Scheller, this protected expectancy exists because the medical staff by-laws limit the Hospital to filling the position of director of the pathology *1049 laboratory by contracting with a pathologist on the Active medical staff. Scheller concludes that since he was the only pathologist on the Active medical staff, he was the only one entitled to be director of the pathology laboratory.
In Scheller’s reply brief he asserts that count I alleges that AMI and the Hospital Administrator had tortiously interfered with the medical staff by-laws by directing the Hospital not to select Scheller as its director of the pathology laboratory. However, the WHEREFORE clause of count I of the complaint demands compensatory and punitive damages only against AMI.
Scheller contends that count I against AMI for tortious interference was erroneously dismissed because the trial court addressed the wrong advantageous business relationship. That is, the trial court addressed the relationship between Scheller and his referring physicians rather than between Scheller and the Hospital. According to Scheller, the trial court dismissed count I on the grounds that the Hospital’s decision not to contract with Scheller as director of pathology did not interfere with his advantageous business relationship with other physicians since they could still designate Scheller as the pathologist to provide services for their patients if they so desired. Thus, Scheller concludes that the trial court addressed the wrong advantageous business relationship by failing to realize that Scheller was basing his cause of action on the advantageous business relationship he had with the Hospital, rather than the advantageous business relationships he had with his referring physicians and/or patients.
For the sake of argument, we will accept Scheller’s position. We will assume that the trial court addressed the wrong advantageous business relationship. Furthermore, we will assume that count I of Schel-ler’s complaint can be fairly interpreted as alleging that AMI interfered with Schel-ler’s contract (medical staff by-laws) with the Hospital, and that as a result of this interference, the Hospital did not appoint Scheller director of the pathology laboratory thereby causing Scheller to lose the economic benefits of the position of director of pathology.
Even if the trial court addressed the wrong advantageous business relationship and even if count I does state a cause of action against AMI for tortious interference with' Scheller’s contract (medical staff by-laws) with the Hospital, we conclude that American Medical Intern., Inc. v. Scheller, 462 So.2d 1 (Fla. 4th DCA 1984), rev. denied, 471 So.2d 44 (Fla.1985) (Scheller I) supports the trial court’s order of dismissal with prejudice of count I. In Scheller I, this court stated:
Thus, plaintiff contends his employment contract, as supplemented by the bylaws, was breached when the hospital hired Dr. Hobin to replace him, because Dr. Hobin had not been on the medical staff for two years immediately preceding his hiring and had not attained “active staff” membership. According to plaintiff’s theory, he could not be replaced until two years after another pathologist had been on staff and this was almost impossible because economic realty would not allow another doctor to work as a pathologist for two years while the hospital ran its own laboratory in competition with him. Defendants characterize this as plaintiff’s “lifetime contract” theory. Plaintiff sought damages before the jury measured by compensation he would have received under the terms of his contract until his probable retirement at age 65, a period of roughly 25 years. On appeal Dr. Schel-ler seems to disavow the “lifetime contract” theory but at the same time argues:
[h]e was given great security (i.e.), a contract with termination conditions that would allow him to remain as Laboratory Director as long as he chose, because of the practice restrictions on his replacement. Accordingly, ... his damages could be assessed anywhere from two years ... to retirement (age 65). That was for the jury to determine, (emphasis added)
The Scheller I court said that “[i]f for no other reason, the contract as constructed by plaintiff is void for lack of mutuality.” *1050 Id. at 7. As a consequence of holding that the contract was void for lack of mutuality, the Scheller I court found no breach of contract as a matter of law.
Although Scheller I involved the construction of Scheller’s employment contract, as supplemented by the medical staff by-laws, we interpret Scheller I as implicitly ruling that Scheller’s interpretation and construction of his contractual rights under the relevant portions of the medical staff by-laws created a contract that would be void for a lack of mutuality. As the trial court in the instant case stated in its order of dismissal, “[t]he gist of this count is that Dr. Scheller, a pathologist and active member of the medical staff at the Palm Beach Gardens Community Hospital, claims financial injury because the Hospital failed to contract with him to become the Hospital’s director of pathology. Instead, the contract was awarded to another group of doctors.” In essence, that is what Scheller claims. He claims that the medical staff by-laws gave him the contractual right to be appointed director of the pathology laboratory by the Hospital, and that AMI interfered with this contractual right guaranteed by the medical staff by-laws.
In the instant case, because Scheller claims a contractual right under the medical staff by-laws to be appointed to the position of the director of pathology of the Hospital and because Scheller I implicitly held that the relevant portions of the medical staff by-laws are void for a lack of mutuality, we conclude that this lack of mutuality in the medical staff by-laws results in Scheller not having any enforceable contractual right. Thus, Scheller is precluded from maintaining a cause of action against AMI for tortious interference of the contract (medical staff by-laws). In sum, since Scheller lacks an enforceable contractual right to be appointed director of the pathology laboratory by the Hospital, no cause of action can lie against AMI for interfering with this unenforceable contractual right with the Hospital.
Scheller asserts that in the instant case the trial court also erred in dismissing count II against the Hospital for breach of contract. According to Scheller, the trial court erroneously concluded that Scheller I expressly held that the Hospital’s action could not give rise to a cause of action for breach of the medical staff by-laws. Contrary to Scheller’s assertion, we conclude that Scheller I did concern the alleged breach of the medical staff by-laws. As stated earlier in this opinion, Scheller I implicitly holds that the relevant portion of the medical staff by-laws is void for lack of mutuality. Therefore, the trial court properly dismissed count II because it is based on the alleged breach of a contract which was found in Scheller I to be void for lack of mutuality.
We also affirm the trial court’s dismissal with prejudice of count III of the complaint. The trial court correctly concluded that:
Count three alleges that the foregoing activity constituted fraud as misrepresentation of the terms and conditions of the medical staff by-laws. Aside from the fact that this allegation fails to satisfy the particularity requirement of rule 1.120(b), Fla.R.Civ.P., it is clear from the Court’s rulings on counts one and two that the hospital’s decision not to contract with Dr. Scheller is not actionable and, thus, cannot support an action for fraud.
We also agree with that portion of the trial court’s order that states:
While liberality is the rule for amendment of pleadings, there comes a time when the court must say, “enough is enough.” The parties in this case have been in litigation for well over ten years. Their names appear on three reported appellate decisions and another plenary appeal is being perfected. Moreover, the allegations in today’s second amended complaint are nothing more than a repackaged version of the parties’ first confrontation.
Thus, we conclude that the trial court did not err in denying Scheller’s motion to amend his complaint.
In conclusion, we affirm the trial court’s orders dismissing Scheller’s three count complaint with prejudice, denying his motion to amend, and denying motion for rehearing.
AFFIRMED.
*1051 LETTS and GUNTHER, JJ., concur.
WARNER, J., dissents with opinion.